IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DAVID PAYTON, | : |
| Plaintiff | : |
| VS. | : |
| | :    3 : 04-CV-98 (RLH) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**ORDER**

The plaintiff herein filed this Social Security appeal on October 20, 2004, challenging the Commissioner's final decision denying his application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Background*

The plaintiff filed his applications for disability and Supplemental Security Income benefits in November 1998, alleging disability since December 7, 1997, due to residuals of a gunshot wound to the right shoulder with surgical arthrodesis and degenerative lumbar disc disease. His applications were denied throughout the administrative levels, with the ALJ finding that the plaintiff retained the ability to perform a limited range of light work, and was capable of performing a significant number of jobs in the national economy. The Appeals Council denied

review, and the plaintiff then filed this appeal, arguing that the ALJ erred in posing hypotheticals to the Vocational Expert ("VE").

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

The plaintiff's sole contention on appeal is that the ALJ's hypotheticals posed to the VE failed to include mention of his anger and impulse control problems. In posing hypothetical questions to a VE, the ALJ must comprehensively describe a claimant's impairments. Pendley v. Heckler, 767 F.2d 1561, 1562 (11th Cir. 1985). "[T]he answer by a VE to a hypothetical

question may be relied upon as substantial evidence by an ALJ so long as the question takes into account the claimant's precise condition and limitations." Holley v. Chater, 931 F. Supp. 840, 851 (S.D.Fla. 1996). The plaintiff asserts that the ALJ failed to give appropriate weight to the plaintiff's well-documented problems with anger and impulse control and their effect on his ability to sustain gainful employment.

As noted by the Commissioner, the ALJ acknowledged the plaintiff's mental impairment involving anger and impulse control issues, but did not find that these conditions were severe impairments. The ALJ noted that these conditions "do not appear to have been manifested in the workplace. Moreover, with ongoing treatment and consistent use of his prescribed medications, there is no reason to expect that his condition would interfere significantly with his ability to perform simple, unskilled jobs." R. at 11-12. As the Commissioner argues, none of the evidence before the ALJ shows or indicates that the plaintiff's anger and impulse control issues resulted in difficulties in or separation from the workplace. Although the plaintiff testified to having been fired or having quit jobs, he attributed these instances to his difficulties in concentrating on his work or physical difficulties in meeting the exertional demands of the work. Plaintiff's mother and step-father echoed this testimony. Inasmuch as the plaintiff's anger and impulsivity issues were not shown to significantly interfere with his ability to engage in simple unskilled work activities, the ALJ's hypotheticals posed to the VE were proper and her findings herein are supported by substantial evidence.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 3rd day of March, 2006.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb